49 N.J. Super. 111 (1958)
139 A.2d 317
IN THE MATTER OF KATHLEEN GROEBE, INCOMPETENT.
Superior Court of New Jersey, Chancery Division.
Decided February 28, 1958.
Mr. Richard P. Muscatello, attorney for plaintiff.
SULLIVAN, J.S.C.
This application involves the question of whether any part of the estate of an incompetent may be applied to the support of an indigent sister of said incompetent.
Kathleen Groebe, the incompetent, is presently committed to Marlboro State Hospital, Marlboro, New Jersey, and the Central Home Trust Company, Elizabeth, New Jersey, is her duly appointed guardian by order of this court dated March 15, 1957. Her only relatives are a sister who lived with her until the commitment proceedings, and two nieces who are children of a deceased sister.
*112 At the present time the yearly income from the incompetent's estate amounts to $3,530, and the maintenance charges for her at Marlboro State Hospital are $1,620 per annum, leaving surplus income of about $1,900. As far as is known, the incompetent will be institutionalized for the rest of her life and her estate will be more than adequate to maintain her.
The incompetent's sister, Jennie B. Strain, age 61, is blind and has no property, estate or income, of any kind. She is presently completely dependent on the bounty of others for her support and maintenance.
Prior to the commitment of Mrs. Groebe, the two sisters lived together and Mrs. Groebe took care of her sister and paid all the household expenses. Since the commitment which occurred in March 1955, Mrs. Strain has moved into a private home where her living expenses amount to $130 each month. Mrs. Strain did have a few thousand dollars in bank but these funds have now been entirely exhausted. Unless some means is found of paying for her board, she will have to leave the home where she now lives and become an object of public charity.
In this posture of events the bank, as guardian, has filed the present application to permit it to pay for the expenses of the sister, Mrs. Strain, out of the incompetent's estate. The application is joined in by the two nieces who are the only living relatives.
The proofs spell out a compelling case for relief. All parties in interest are before the court. The incompetent's yearly income is more than sufficient to properly support her. The incompetent's sister is blind, has no means of support, and is dependent on the bounty of others. Authorization for the use of an incompetent's estate in such a situation is found in N.J.S. 3A:20-4 which provides as follows:
"When a mental incompetent is possessed of or entitled to real or personal estate, the yearly income of which is more than sufficient for the proper support of himself, his household, family, spouse, child or children, and he has 1 or more parents, brothers or sisters of the whole or half blood who are without adequate means *113 of support and dependent on the bounty of others, the superior court or the county court to which the incompetent's guardian is accountable may direct the guardian to pay over to the person or persons aforesaid such portion of the surplus income of the estate of the mental incompetent, not exceeding two-thirds of such surplus annual income, for their support or education in such manner as the court may direct. No such direction shall be made for payments for more than 3 years from the making of the direction."
The situation presented is clearly within the purpose and intent of the statute. To the extent that the law permits, relief will be granted. The guardian will be directed to pay over the surplus income of the incompetent's estate, to the extent of two-thirds thereof, for the support of the incompetent's sister, Jennie B. Strain, for a period not to exceed three years from the date of the judgment herein.
At the hearing counsel for the guardian indicated that arrangements can be made with the persons at whose home Mrs. Strain is now living, to adjust their charge for boarding Mrs. Strain to the funds available.
Judgment accordingly.